FILED'09 JAN 15 13:07USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH C. MARKUSSEN,                        Civ. No. 07-6168-AA

　　　　　Plaintiff,                          OPINION AND ORDER

　　　v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

　　　　　Defendant.
_____

Brenda S. Moseley
320 Central Ave., Suite 422
Coos Bay, Oregon  97420
　　　Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1   - OPINION AND ORDER

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
        Attorneys for defendant

AIKEN, Judge:

    Plaintiff brings this action pursuant to the Social Security

Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial

review of a final decision of the Commissioner of Social Security

(Commissioner) denying his applications for Disability Insurance

Benefits (DIB) and Supplemental Security Income (SSI).  For the

reasons set forth below, the Commissioner's decision is affirmed.

                         BACKGROUND

    On  July  22,  2004  and  August  19,  2004,  plaintiff  filed

applications for SSI and DIB, respectively.  Tr. 16, 66-68, 418-20.

The  applications  were  denied  initially  and  upon  reconsideration.

Tr. 16, 36-38, 41-42, 421-30.  After timely requesting a hearing,

plaintiff and a vocational expert appeared and testified before an

administrative  law  judge  (ALJ)  on  October  16,  2006.   Tr.  441-68.

On January 22, 2007, the ALJ issued a decision finding plaintiff

not  disabled  within  the  meaning  of  the  Act.   Tr.  13-25.   The

Appeals Council denied plaintiff's request for review, rendering

the ALJ's decision the final decision of the Commissioner.  Tr. 7-

9.  Plaintiff now seeks judicial review.

    Born on March 6, 1964, plaintiff was forty-two years old at

the time of the ALJ's decision, with a high school education and

2    - OPINION AND ORDER

past relevant work at a waste water treatment plant and as a fork lift operator and farrier.    Tr. 23, 80.    Plaintiff alleges disability since May 1998 due to back and shoulder injuries and chronic back and shoulder pain.    Tr. 74-75.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.    Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).    Substantial evidence is "more than a mere scintilla.    It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).    The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).    Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability.    Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).    To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. <u>See</u> <u>Bowen</u> <u>v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff met the DIB insured requirements through December 31, 2003, and that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  Tr. 18; 20 C.F.R. §§ 404.1520(b); 416.920(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of back and shoulder injuries with resulting surgeries, but that plaintiff's impairments did not meet or equal "one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 19; 20 C.F.R. §§ 404.1520(c)-(d), 416.920(c)-(d).

At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  Here, the ALJ found that plaintiff retained the RFC to perform a reduced range of light exertional work.  Tr. 20. Specifically, the ALJ found that plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently, except that he can lift only ten pounds with his left extremity.  The ALJ also found that plaintiff cannot perform overhead lifting or reaching with his left upper extremity and must move and change positions

frequently.  Finally, the ALJ found that plaintiff can occasionally bend, twist, and turn, climb ramps and stairs, but that he cannot climb ladders or scaffolds.  Tr. 20.  Based on this RFC assessment, the ALJ found that plaintiff could not perform his past relevant work.  Tr. 23.

At step five, the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g).  Considering plaintiff's age, education, work experience, and RFC, the ALJ found that a significant amount of jobs exist in the national economy that plaintiff can perform, including food and beverage order clerk, charge account clerk, and ticket tagger.  Tr. 24. Therefore, the ALJ found that plaintiff was not disabled within the meaning of the Act.  Tr. 24.

DISCUSSION

Plaintiff argues that the ALJ erred in his credibility assessment and failed to consider the entire record in rejecting plaintiff's subjective complaints of pain.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ found plaintiff's complaints of disabling pain partially credible based on plaintiff's daily activities, his inconsistent statements of record, and the lack of medical evidence supporting his complaints. I find that the ALJ provided legally sufficient reasons supported

by substantial evidence in record.

For example, plaintiff states that he cares for two young children and takes care of the household on full-time basis, that he mops, vacuums, washes dishes and does the laundry, prepares all of the family meals, performs household shopping several times a week, and hunts and fishes seasonally. Tr. 21-22, 89-92, 100-104, 124, 126-28, 139, 229, 447, 451-53, 455-56. Such activities are inconsistent with his allegation that he cannot perform any work activity because of his pain. Plaintiff also complains that the ALJ failed to consider his use of pain medication, including high doses of methadone. However, the ALJ did not reject plaintiff's complaints of pain in their entirety or find that plaintiff did not experience pain. In fact, the ALJ accepted plaintiff's testimony that he must change positions frequently, because the level of pain decreases when he is able to move and walk. Tr. 455 ("So I was moving around, so I was happy about that because movement - when I'm moving around, it doesn't bother me. When I sit and stand, that's what bother me."). The ALJ included these restrictions in the hypothetical to the ALJ, indicating that plaintiff could sit for up to one-half hour and stand for ten minutes at a time, along with lifting and overhead reaching restrictions. Tr. 22, 465.

The ALJ also relied Drs. Nolan, Kehrli, Tarno, Steele, Eckman, Dordevich, Schuster, and Williams, examining physicians of record, and Dr. Invanitsky, a treating physician, who all rendered opinions

that plaintiff is able to perform light work activity.  Tr. 20-22,
167, 170-71, 178, 203, 235, 236, 270-82, 286, 314-26, 360, 371.
The ALJ also noted that most of plaintiff's examinations revealed
normal results regarding strength and his ability to walk, squat,
and rise.  Tr. 21, 170-71, 211, 214, 279, 324.  Contrary to
plaintiff's assertion, the ALJ considered the chart notes of Dr.
Pylmar indicating plaintiff's increased discomfort and Dr. Pylmar's
opinion that plaintiff could not perform sedentary work.  Tr. 22,
193-94, 197-200.  However, the ALJ declined to give controlling
weight to Dr. Pylmar's opinion, finding it inconsistent with
plaintiff's reported daily activities and the conflicting medical
evidence.  Tr. 22; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d
595, 599-600 (9th Cir. 1999) (an ALJ may look to the medical record
for inconsistencies).

Plaintiff also argues that the ALJ erred in failing to
consider the January 2007 medical report of Dr. Willis.  Notably,
this report was not before the ALJ at the time his decision was
rendered.  Therefore, if "new and material," the proper remedy is
remand to the Commissioner to consider this evidence.  See 42
U.S.C. § 405(g) (sentence six remand); Akopyan v. Barnhart, 296
F.3d 852, 854 (9th Cir. 2002) (sentence six remand appropriate
"where new, material evidence is adduced that was for good cause
not presented before the agency"); Mayes v. Massanari, 276 F.3d
453, 462 (9th Cir. 2001).  However, I find that the evidence, while

new, contains information that is duplicative of other medical evidence of record and includes no limitations inconsistent with the ALJ's RFC findings.  Tr. 432-34.

In sum, I find the reasons given by the ALJ in finding plaintiff's complaints partially credible to be specific, clear and convincing, and I further find that the ALJ did not commit legal error in his assessment of the medical evidence.  Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

Finally, plaintiff argues that the hypothetical propounded to the vocational expert was inaccurate.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  The ALJ is free to reject restrictions in a hypothetical question that are not supported by reliable evidence.  Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  Here, the ALJ's hypothetical included work related limitations that were supported by the medical evidence of record and included many of the restrictions to which plaintiff testified, including his need to move around and limitations on the length of time that he can sit and stand.  Tr. 22, 465.

Plaintiff nonetheless argues that the ALJ failed to include limitations on his ability to remember and understand instructions and operate machinery as a result of his pain medications. However, plaintiff did not testify or state that he has such limitations; in fact, plaintiff stated that he is able to follow

written and verbal instructions and that he reads the newspaper and drives an automobile regularly.  Tr. 127, 129, 456.  Therefore, I find that such limitation is not supported by the record.

Plaintiff also argues that he requires a daily rest period of one hour, and that, per the vocational expert's testimony, such limitation renders him unable to work.  Tr. 467.  However, the ALJ found that such restriction was not noted by any physician and was not supported by the record in light of his credibility finding.  Tr. 24.  For the reasons explained above, I find no legal error in the ALJ's credibility assessment.  Accordingly, I find that the ALJ provided an accurate hypothetical and properly relied upon the testimony of the vocational expert.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this ___ day of January, 2009.

Ann Aiken
United States District Judge

9    - OPINION AND ORDER